IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,363-03




EX PARTE NORBERTO AHUMADA LUCIO, Applicant




ON APPLICATION FOR WRIT OF HABEAS CORPUS
CAUSE NO. 09-CR-2611 
IN THE 357TH DISTRICT COURT FROM CAMERON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In Cause No. 09-CR-2611, Applicant was
convicted of theft in the aggregate and sentenced to ten years’ imprisonment. He did not appeal his
conviction. 
            Applicant contends that his sentence is illegal. Applicant has alleged facts that, if true, might
entitle him to relief. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law as to why the judgment
in the nunc pro tunc order in Cause No. 09-CR-2611 has four separate counts and four separate
sentences. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: November 27, 2013
Do not publish